Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ZULMA GONZÁLEZ SANTIAGO<br><br>Recurrida<br><br>v.<br><br>CORPORACIÓN PARA EL DESARROLLO EMPRESARIAL Y CULTURAL DE LA ISLETA DE SAN JUAN<br><br>Recurrido | KLCE202300603 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.:<br>SJ2018CV01790 (504)<br><br>Sobre: Despido Injustificado (Ley 80-1976) y otros |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece ante nos la Corporación para el Desarrollo Empresarial y Cultural de la Isleta de San Juan ("CODEVISA") y el señor Rafael Oller ("Sr. Oller"), (en conjunto, "los Peticionarios") mediante *Petición de Certiorari* presentada el 26 de mayo de 2023. Nos solicitan que revoquemos la *Resolución* emitida el 2 de mayo de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Superior de San Juan ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro primario declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte Peticionaria.

Por los fundamentos expuestos a continuación, **DENEGAMOS** la expedición del auto de *certiorari.*

### I.

Los hechos que originan la presente reclamación surgen cuando el 3 de abril de 2018, la señora Zulma González Santiago ("Sra. González Santiago" o "Recurrida"), incoó una *Querella* sobre

Número Identificador

SEN(RES)2023_____

despido injustificado al amparo del procedimiento sumario dispuesto en la *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*[1] Mediante esta, alegó que trabajó en CODEVISA desde marzo de 2006 hasta que fue despedida el 14 de diciembre de 2017. Sostuvo que varios empleados de la Corporación le expresaron su malestar por las condiciones de empleo. Esboza, además, que producto de ello, el Sr. Oller hizo expresiones falsas ante la Junta de Directores de CODAVISA y de los comerciantes del Viejo San Juan en torno a que ésta incitaba a los empleados a "ejercer sus derechos contra CODEVISA ante el Departamento del Trabajo". Señaló que en el mes de diciembre de 2017 le comunicaron que se había iniciado una investigación en su contra y la suspendieron de empleo. Así las cosas, el 14 de diciembre de 2017, recibió comunicación de su patrono notificándole su despido.

Por tales razones, arguyó que su despido fue injustificado y nulo, toda vez que no se realizó conforme al Manual de Empleados de la compañía. Sostuvo, además, que las actuaciones negligentes del Sr. Oller le ocasionaron daños emocionales que se estiman en una cantidad de $20,000.00. También, solicitó el pago de la mesada y una cuantía de $1,800.00 por concepto de salarios y beneficios dejados de percibir.

Posteriormente, el 31 de mayo de 2018, la Sra. González Santiago enmendó la querella a los fines de incluir una segunda causa de acción de daños y perjuicios contra el Sr. Oller en su carácter individual, puesto que las acciones de este último dieron lugar a su despido.

Tras varios tramites procesales, el 26 de octubre de 2018, los Peticionarios presentaron *Solicitud de Sentencia Sumaria.*[2] Por

---

[1] Apéndice *certiorari,* págs. 2-4.
[2] *Íd.,* págs. 13-22.

virtud de esta, solicitaron la desestimación de la reclamación de despido injustificado presentada al amparo de la *Ley sobre Despidos Injustificados*, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a *et seq.* ("Ley Núm. 80"), toda vez que entendían que dicho estatuto no les era de aplicación. En particular, expresaron que CODEVISA era una corporación municipal y la definición de patrono de la Ley Núm. 80, *supra*, expresamente excluye a las corporaciones municipales. Expusieron, además, que procedía la desestimación de la causa de acción de daños y perjuicios contra el Sr. Oller puesto que el único remedio que permite la Ley Núm. 80, *supra*, es la mesada.

Así las cosas, el 7 de mayo de 2020, el foro *a quo* emitió y notificó *Resolución* en la que formuló las siguientes determinaciones de hechos:[3]

1. La parte querellante, Zulma González Santiago trabajó para CODEVISA desde marzo de 2006 hasta el 17 de diciembre de 2017.

2. Que la querellante ocupó varios puestos siendo el último oficial administrativa y de contabilidad por el cual recibía una compensación.

3. CODEVISA es la Corporación para el Desarrollo Empresarial y Cultural de la Isleta de San Juan. Ésta se ubica en la Calle Tanca 201, Viejo San Juan.

4. CODEVISA se dedica a crear movimiento económico en el municipio de San Juan y a proveer apoyo a los pequeños comerciantes. CODEVISA es una corporación especial del Municipio de San Juan.

5. CODEVISA recibe fondos federales que le otorga el Municipio de San Juan, además de recibir otros fondos ordinarios que, de igual forma, el Municipio le asigna para poder ejecutar el trabajo. Dicha asignación de fondos varía según la economía y los años fiscales. CODEVISA podía recibir hasta $90,000.00 en fondos ordinarios y $250,000.00 en fondos federales. Para obtener dichos fondos, CODEVISA presenta una propuesta anual al Municipio de San Juan.

6. Los fondos que recibe CODEVISA se utilizan para cubrir gastos de nómina, cubrir los gastos de "overtime", entre otras cosas.

---

[3] *Íd.,* págs. 23-26.

7. Los fondos que le asigna el Municipio de San Juan a CODEVISA componen el 90% del presupuesto anual de CODEVISA.

8. La fuente principal de dinero de CODEVISA es el Municipio de San Juan.

9. El restante 10% del presupuesto de CODEVISA proviene del alquiler de espacios a restaurantes para café al aire libre. Dicho dinero se utiliza para pagar la renta y los gastos de oficina.

10. El salario de los choferes lo paga CODEVISA utilizando los fondos federales que recibe del Municipio de San Juan.

11. CODEVISA adoptó un manual de empleados en el que estableció un procedimiento para disciplinar a sus empleados.

En esencia, el foro primario determinó que no existía controversia de que CODEVISA era una corporación municipal, por lo que no le aplican las disposiciones de la Ley Núm. 80, *supra*. Como corolario de ello, desestimó la causa de acción al amparo de dicha Ley. No obstante, concluyó que existía controversia de hechos sobre si CODEVISA incumplió o no el procedimiento disciplinario establecido en su Manual para Empleados, al momento de despedir a la Recurrida. Por lo que, declaró *No Ha Lugar* la solicitud de sentencia sumaria.

Posteriormente, el 25 de enero de 2023, se celebró la Conferencia con Antelación al Juicio.[4] Según surge de la *Minuta*, la parte Peticionaria estableció que la Recurrida no contaba con evidencia admisible en juicio para probar la causa de acción que estaba pendiente de dilucidarse. En específico, alegó que la Recurrida no contaba con un testigo que autenticara el Manual de Empleados, única prueba en su contra. En oposición, la Recurrida señaló que su testimonio sería suficiente para probar sus alegaciones. Evaluados los planteamientos de cada parte, el foro primario señaló la vista de juicio en su fondo para celebrarse los días 6 y 7 de junio de 2023.

---

[4] Véase *Minuta* en el Apéndice *certiorari,* págs. 50-51.

En vista de ello, el 15 de febrero de 2023, los Peticionarios presentaron *Moción Contra la Prueba y Solicitud de Desestimación.*[5] Mediante esta, esgrimieron que por virtud de la Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V, R.39.2 (c), procedía la desestimación de la reclamación. Señalaron que en el Informe de Conferencia con Antelación a Juicio la Recurrida anunció como parte de su prueba el Manual de Empleados, sin embargo, carecía de testigos que pudieran autenticar dicho documento. Añadieron que la Recurrida no podía autenticar dicha prueba puesto que esta "no estuvo envuelta en la redacción del manual, nunca ocupó un puesto donde el conocimiento del manual fuera su responsabilidad, no alega conocimiento especializado alguno del manual, no cuenta con capacidad de recordar un manual que no le aplica desde el 2017, no puede testificar sin incurrir en parcialidad o interés y tampoco puede producir el manual en su formato completo u original". Por tales razones, solicitaron la desestimación de la reclamación.

En respuesta, el 21 de marzo de 2023, la Sra. González Santiago presentó *Moción en Cumplimiento de Orden y en Oposición a Solicitud de Desestimación.*[6] Por virtud de esta, argumentó que las alegaciones de los Peticionarios eran insuficientes en derecho para decretar la desestimación del caso. Sostuvo que tiene capacidad para autenticar el Manual de Empleados pues conoce el mismo y realizaba labores de administración de los recursos humanos de CODEVISA. A su vez, esgrimió que el mecanismo utilizado por los Peticionarios para la desestimación de la reclamación era prematuro, toda vez que el foro primario no había tenido la oportunidad de aquilatar la prueba.

---

[5] *Íd.,* págs. 52-62.
[6] *Íd.,* págs. 63-70.

Evaluados los argumentos de cada parte, el 2 de mayo de 2023, notificada al próximo día, el foro *a quo* emitió *Resolución* recurrida, en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por los Peticionarios.

Inconformes, el 26 de mayo de 2023, los Peticionarios acudieron ante esta Curia y le imputaron al foro primario la comisión del siguiente error:

> Erró el TPI al denegar la solicitud de desestimación presentada por los demandados-peticionarios al amparo de la Regla 39.2 (C) de las Reglas de Procedimiento Civil de Puerto Rico, habiendo ausencia de prueba admisible y careciendo la demandante de una reclamación que justifique la concesión de un remedio.

Acompañaron su recurso de *certiorari* con una *Moción Urgente en Auxilio de Jurisdicción*, en la que solicitaron la paralización de los procedimientos ante el foro primario, la cual declaramos **No Ha Lugar.**

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023; *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos

de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Torres González v. Zaragoza Meléndez, supra*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO*

*Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Regla 39.2 (c) de Procedimiento Civil

La Regla 39.2 (c) de Procedimiento Civil, *supra,* regula la desestimación de una reclamación por insuficiencia de prueba, disponiendo lo siguiente:

> (c) **Después que la parte demandante haya terminado la presentación de su prueba**, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", **podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno.** El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos. (Énfasis nuestro).

La presentación de una moción al amparo de la Regla 39.2 (c) de Procedimiento Civil, *supra,* conocida como una moción contra la prueba o *non-suit,* faculta al tribunal a que**, luego de la presentación de la prueba por la demandante,** pueda aquilatar la misma y formular su apreciación de los hechos, según la credibilidad que le haya merecido. *Rivera Figueroa v. The Fuller Brush. Co.,* 180 DPR 894, 916 (2011). "[L]e corresponde al tribunal determinar si la prueba presentada por la parte demandante es suficiente por sí misma para satisfacer los requisitos de su particular causa de acción." *Íd.* En caso de que el tribunal le albergue duda, deberá requerirle al demandado que presente su caso.

Una desestimación bajo la Regla 39.2 (c) de Procedimiento Civil, *supra,* se da en contra de la prueba, por lo que la decisión del

tribunal dependerá de su apreciación de la prueba presentada. Se trata de una decisión que descansa en la sana discreción del tribunal. *Díaz v. Tribunal Superior,* 93 DPR 79, 83 (1966). No obstante, dada la gravedad de una desestimación de la causa de acción, los tribunales deben ser cuidadosos al atender una moción al amparo de dicha regla, pues conlleva el final de la reclamación de un demandante y de su día en corte. *Íd.* Aunque se ha reconocido en nuestro ordenamiento que los tribunales apelativos no intervendremos con la apreciación de la prueba hecha por los foros de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto, ello no significa que exista inmunidad frente a la función revisora. *Rivera Figueroa v. The Fuller Brush. Co., supra,* citando a *Méndez v. Morales,* 142 DPR 26, 36 (1996); *Monillor v. Soc. de Gananciales,* 138 DPR 600, 610 (1995).

### III.

Expuesto el marco jurídico y ponderados los argumentos presentados por la parte Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, supra, faculta a este foro apelativo a intervenir en la denegatoria de una moción de carácter dispositivo, como lo es la solicitud de desestimación, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida. En el presente caso, el foro primario emitió una determinación discrecional y en ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario. La parte Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso

irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **DENEGAMOS** la expedición del auto de *certiorari*. A su vez, declaramos **No Ha Lugar** la *Moción Urgente en Auxilio de Jurisdicción* presentada por la parte Peticionaria.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones